UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | 5:19-cr-00027-RGK | Date | July 12, 2024 |
|---|---|---|---|
| Title | *United States v. USA Happy Baby Inc. et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE |
|---|---|

| Joseph Remigio (not present) | Not Reported | Charles E. Pell |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorneys* |

| U.S.A. v. USA Happy Baby Inc. et al. | Present | Cust | Bond | Attorneys for Defendants: | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| | | | X | John Neil McNicholas | | X | |

**Proceedings:** (IN CHAMBERS) Order Re: Motion for Release of Grand Jury Transcripts, Motion to Dismiss, and Motion for Joinder [DEs 151, 162, 171]

## I.   INTRODUCTION

On January 30, 2019, a grand jury returned an indictment charging USA Happy Baby Inc. ("Happy Baby"), Jing Dong, and Michael Wei Yueh Liu (collectively, "Defendants") with numerous crimes related to the alleged operation of a "birth tourism" business in which Defendants arranged for pregnant women to travel from China to the United States to give birth to children entitled to birthright citizenship. (ECF No. 1.) Presently before the Court are (1) Dong's Motion seeking release of transcripts from the grand jury proceedings and (2) Defendants'[1] Motion seeking dismissal of the three counts of aggravated identity theft with which they have been charged. (ECF Nos. 151, 162.) For the following reasons, the Court **DENIES** the Motions.

## II.   FACTUAL and PROCEDURAL BACKGROUND

Dong and Liu, a married couple, founded Happy Baby in 2012. In March 2015, federal law enforcement obtained and executed a warrant to search Dong and Liu's residence. Federal agents interviewed Liu during the search. Among other things, Liu spoke to the agents about Happy Baby's operations and Dong's role in the business. Agents also seized digital and physical evidence.

On January 30, 2019, Defendants were indicted for numerous federal felonies, including conspiracy to commit immigration fraud, wire fraud, money laundering, identity theft, and aggravated identity theft. The aggravated identity theft charges relate to Defendants' applications to lease apartments to temporarily house pregnant and postpartum mothers. Specifically, the Government alleges that Dong and Liu submitted lease applications using the names of victims Y.S. and M.L.W., concealing

---

[1] The Motion was filed solely by Dong. On July 8, 2024, Happy Baby and Liu filed a Motion for Joinder. (ECF No. 171.) Because Defendants are all similarly situated in this matter, the Court **GRANTS** the Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | 5:19-cr-00027-RGK | Date | July 12, 2024 |
|---|---|---|---|
| Title | *United States v. USA Happy Baby Inc. et al.* | | |

from the property owners that the true occupants of the apartments would be a series of Happy Baby clients, each occupying the apartment for less than the full lease period.

### III. DISCUSSION

Defendants have filed two Motions: (1) Dong's Motion seeking release of transcripts from the grand jury proceedings and (2) Defendants' Motion to dismiss the three counts of aggravated identity theft with which they have been charged. The Court addresses each Motion in turn.

#### A. Motion for Release of Grand Jury Materials

Although the Government has disclosed records of the lay witness testimony it presented to the grand jury, it has not disclosed transcripts of law enforcement officers' testimony during the same proceedings. In her Motion, Dong seeks an order requiring the government to disclose transcripts of: (1) law enforcement's testimony before the grand jury and (2) the instructions given to the grand jury.

The Supreme Court has long recognized that "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979). Notwithstanding this need for secrecy, a court may authorize the disclosure of grand jury proceedings "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). To demonstrate grounds for disclosure, a defendant must "demonstrate[] that a particularized need exists which outweighs the policy of secrecy." *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986). A defendant must make factual allegations to support the existence of a particularized need. *Id.* Mere speculation is insufficient. *Id.* When deciding whether disclosure of grand jury proceedings is appropriate, courts consider whether "the desired material will avoid a possible injustice" and whether "the need for disclosure is greater than the need for continued secrecy." *United States v. Plummer*, 941 F.2d 799, 806 (9th Cir. 1991). Courts must also ensure "that only the relevant parts of the transcripts" are disclosed. *Id.*

Dong contends that her review of the lay witness testimony has not revealed anything that establishes probable cause of the crimes with which she has been charged. Therefore, any incriminating facts must have been provided to the grand jury by law enforcement. And because she is confident of her innocence, Dong surmises that any law enforcement testimony that resulted in an indictment was misleading. In the alternative, Dong argues that she is entitled to a transcript of the grand jury instructions, since "there is simply no reasonable way that defendants could have been indicted if the grand jury properly considered the elements of each offense." (Mot. at 12.) Dong's arguments[2] miss the

---

[2] On Reply, Dong suggests that Liu's statements about her role in Happy Baby to law enforcement in March 2015 were improperly presented to the grand jury. Dong bases her argument on the Court's ruling that many of these statements should be excluded at Dong and Liu's joint trial under *Bruton v. United States*, 391 U.S. 123 (1968). (Min. Order, ECF No. 105.) In

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | 5:19-cr-00027-RGK | Date | July 12, 2024 |
|---|---|---|---|
| Title | *United States v. USA Happy Baby Inc. et al.* | | |

mark, as she fails to make any factual allegations to support a particularized need for the materials she seeks. *Walczak*, 783 F.2d at 857. Because she merely speculates regarding what the records might reveal, the Court **DENIES** the Motion.

### B. Motion to Dismiss

Dismissal of a criminal charge is appropriate if an indictment fails to state an offense. Fed. R. Crim. P. 12(b)(3)(B)(v). The Court previously denied Defendants' Motion for dismissal of the three counts of aggravated identity theft with which they have been charged. (Min. Order, ECF No. 82.) Defendants now renew their Motion in light of the Supreme Court's recent holding in *Dubin v. United States*, 599 U.S. 110 (2023).

Aggravated identity theft occurs when a defendant "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person" in relation to a predicate offense. 18 U.S.C. § 1028A(a)(1). In *Dubin*, the defendant was charged with healthcare fraud when he submitted a claim for reimbursement to Medicaid that inflated the credentials of the service provider. *Dubin*, 599 U.S. at 114. Because the fraudulent claim included a patient's name, prosecutors also charged the defendant with aggravated identity theft. *Id.* at 115. The Court rejected the prosecution's "boundless interpretation" of § 1028A(a)(1). *Id.* at 114. Instead, the Court reasoned that "[a] defendant 'uses' another person's means of identification 'in relation to' a predicate offense when this use is at the crux of what makes the conduct criminal." *Id.* at 131. Aggravated identity theft charges against the defendant were inappropriate because the defendant's misrepresentation about the provider's credentials was "[t]he crux of the healthcare fraud," while the patient's name was merely "an ancillary feature of the billing method employed." *Id.* at 132.

Defendants have been charged with aggravated identity theft because they allegedly submitted apartment lease applications using the names of Y.S. and M.L.W. Defendants advance two arguments for dismissal under *Dubin*. First, Defendants argue that, just as in *Dubin*, the identities of Y.S. and M.L.W. were not "at the crux" of the alleged criminal conduct. *Id.* at 131. Second, citing Justice Gorsuch's concurrence in *Dubin*, Defendants argue that § 1028A(a)(1) is unconstitutionally vague. Neither argument is convincing.

Regarding the first argument, the parties dispute whether the identities of the lease applicants were central to the crime. Although Defendants contend that the names on the lease applications were

---

*Bruton*, the Supreme Court "held that a defendant is deprived of his rights under the Confrontation Clause when his nontestifying codefendant's confession naming him as a participant in the crime is introduced at their joint trial, even if the jury is instructed to consider that confession only against the codefendant." *Richardson v. Marsh*, 481 U.S. 200, 201–02 (1987). But Dong cites no authority for the proposition that a statement excludable at trial under *Bruton* cannot be presented to a grand jury. Because a criminal defendant has no right to confront witnesses during grand jury proceedings, *Bruton* appears inapplicable in this context.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | 5:19-cr-00027-RGK | Date | July 12, 2024 |
|---|---|---|---|
| Title | *United States v. USA Happy Baby Inc. et al.* | | |

inconsequential and that the property owners were aware that Happy Baby used the apartments to house its clients, the Government contends that the property owners would not have leased the units to Happy Baby if they had known the occupants' true identities. Because this argument is premised upon establishing disputed facts, dismissal is inappropriate. "A district court cannot grant a motion to dismiss an indictment if the motion is substantially founded upon and intertwined with evidence concerning the alleged offense. Rather, a district court can only grant such a dismissal if it is entirely segregable from the evidence to be presented at trial." *United States v. Lunstedt*, 997 F.2d 665, 667 (1993) (citing *United States v. Shortt Acct. Corp.*, 785 F.2d 1448, 1452 (9th Cir.)) (cleaned up).

Defendants' vagueness argument also fails, since the Court's majority squarely rejected Justice Gorsuch's contention that § 1028A(a)(1) is unconstitutionally vague. *See Dubin*, 599 U.S. at 132 n.10 ("[T]he concurrence believes that it is too difficult to discern when a means of identification is at the crux of the underlying criminality. . . . The concurrence's bewilderment is not, fortunately, the standard for striking down an Act of Congress as unconstitutionally vague."). Accordingly, the Court **DENIES** the Motion.

### IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion for release of the grand jury materials [151] and Motion to Dismiss [162]. The Court **GRANTS** Happy Baby and Liu's Motion for Joinder [171], as explained in footnote 1.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | | JRE/ak |