E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
GREGORY W. STAPLES (Cal. Bar No. 155505)
KEVIN Y. FU (Cal. Bar No. 319465)
Assistant United States Attorneys
Santa Ana Branch Office
     Ronald Reagan Federal Bldg. & U.S. Courthouse
     411 West 4th Street, Suite 8000
     Santa Ana, California 92701
     Telephone:    (714) 338-3535/3576
     Facsimile:    (714) 338-3523/3708
     E-mail:       Greg.Staples@usdoj.gov
                   Kevin.Fu@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 5:19-cr-00027-RGK |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT JING DONG'S MOTION TO RECONSIDER DENIAL OF MOTION TO SUPPRESS EVIDENCE AND FOR *FRANKS* HEARING |
| v. | |
| MICHAEL WEI YUEH LIU and JING DONG, | |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Gregory W. Staples and Kevin Y. Fu, hereby files its Opposition to defendant Jing Dong's Motion to Reconsider Denial of Motion to Suppress Evidence and for Franks Hearing ("Motion to Reconsider").

//

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: September 9, 2024            Respectfully submitted,

                                          E. MARTIN ESTRADA
                                        United States Attorney

                                        MACK E. JENKINS
                                        Assistant United States Attorney
                                        Chief, Criminal Division

                                        */s/ Kevin Y. Fu*
                                        GREGORY W. STAPLES
                                        KEVIN Y. FU
                                        Assistant United States Attorneys
                                        Santa Ana Branch Office

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendant Jing Dong ("defendant") filed a motion to reconsider the Court's Denial of Motion to Suppress Evidence and for Franks Hearing ("Motion to Reconsider"). Defendant's motion fails for two reasons. First, defendant fails to identify any material misstatements that would change the Court's previous Order. Second, the remedy would not be a blanket suppression of all evidence, and defendant has failed to identify the specific items of evidence that she believes should be suppressed if she were to prevail.

**II.  BACKGROUND**

**A.  The Indictment**

The indictment alleges that defendants USA Happy Baby Inc., Michael Wei Yueh Liu, and Jing Dong operated a highly lucrative international fraud scheme that facilitated Chinese nationals to come to the United States under false pretenses to give birth and secure U.S. citizenship for their children. (See DE 1 at 4-9.)

Defendants' customers and agents in China filed false visa applications that misled U.S. Customs officials not only as to the purpose of their trip to the United States, but also as to the duration and location of their stays. (Id. at 6.) For example, visa applications of defendants' customers would state that the purpose of their trip was for tourism, when it really was to give birth; that the length of the stay was eight to fourteen days, when it was really three months; and that the location of the stay was Hawaii, New York, or Los Angeles, when it was actually Rancho Cucamonga or Irvine. (Id.)

A Grand Jury returned an indictment that charged defendants with

conspiracy to commit immigration fraud, wire fraud, and other offenses (count one); wire fraud (counts 2-17); international promotional money laundering (counts 18-27); identity theft (counts 28-30); and aggravated identity theft (counts 31-33); and defendant Liu was charged with filing false tax returns for tax years 2012, 2013, and 2014 (counts 34-36). (Id.)

On August 29, 2024, the government moved to dismiss the wire fraud, aggravated identity theft, and tax counts, (DE 186), and the Court granted the government's motion. (DE 187).

### B. The Court's Order

Defendant Jing Dong previously filed a motion to suppress and request for Franks hearing, (DE 110), which then-defendant USA Happy Baby Inc. and defendant Michael Liu joined, (DE 111). On March 11, 2024, this Court denied the motion. (DE 160.)

In its Order, the Court noted that defendants had argued "two grounds for excluding evidence procured from the search." (Id. at 3.) The first ground argued by defendants was that the warrant lacked probable cause; the second ground was that the warrant contained material omissions and misrepresentations. (Id.) The Court addressed each argument in turn.

First, on probable cause, the Court explained that "[p]robable cause is not a high bar," as it is a "practical, common-sense determination of whether, given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." (Id. (internal quotation marks omitted).) The Court then noted that defendants had not argued "that the magistrate judge erred when he determined that the warrant application was supported by probable

2

cause," but instead, defendants had suggested that "because they can provide legitimate explanations for their behavior, the warrant is invalid." (Id.)  The Court explained that defendant's "argument evinces a fundamental misunderstanding of the probable cause standard" because probable cause requires only a "fair probability" that contraband or evidence of a crime is located in a particular place, and even innocent behavior frequently can provide the basis of a showing for probable cause.  (Id.)  Accordingly, given that defendants had not meaningfully challenged the magistrate judge's probable cause finding and because the Court must pay great deference to that finding, the Court rejected defendant's argument that the warrant lacked probable cause.  (Id.)

Second, on defendant's allegation that the affidavit contained material omissions and misrepresentations, the Court explained that, with "two exceptions," "Defendants [did] not challenge the truth of the information in the affidavit.  Instead, Defendants contend[ed] that the government's investigation was not thorough and that the information provided in the affidavit was therefore incomplete." (Id.)  The Court rejected defendant's suggestion that the government is obligated to search for innocuous explanations for suspicious behavior, which would require law enforcement to show more than a "fair probability" of criminal activity to obtain a warrant.  (Id. at 4-5.)

The Court noted that defendants identified a limited number of statements that they contended to be misleading or false: "(1) statements related to [defendant] Dong's bank records and (2) a statement that [defendant] Liu represented that his annual income was $1,283,812.74" when defendant Liu actually did not do so.  (Id. at

3

5.)

On the statements related to defendant Dong's bank records, the Court indicated that defendants had made "no showing that law enforcement intentionally or recklessly omitted any information from the affidavit." (Id.) Critically, the Court indicated that "even if this information about Dong's bank records was excised from the affidavit, there was probable cause that Dong and Liu had underreported their income, as evidenced by the $535,000 expended on real estate purchases in 2014 after reporting a total income of $138,590 from 2011 to 2013." (Id.) Accordingly, defendants could not meet either prong of the Franks standard as to Dong's bank statements.

On the lease application, the Court indicated that the error "was at least reckless," but "this misrepresentation is not material because other discrepancies existed in Defendants' income." (Id.) And, the Court noted, "the bank statement apparently attached to the application shows funds that significantly exceeded Liu and Dong's reported income for 2013." (Id.) Accordingly, the Court held that defendants' Franks challenge here was also unsuccessful.

**III. ARGUMENT**

The Court should deny defendant's Motion to Reconsider. First, defendant has failed to identify any material misstatements. Second, the remedy would not be a blanket suppression of all evidence, and defendant has failed to identify the specific items of evidence that she believes should be suppressed if she were to prevail.

    **A.  Defendant's Motion Fails Because She Fails to Identify Any Material Misstatements**.

To prevail on a request for a Franks hearing, defendant must

4

show that (1) the warrant affiant intentionally or recklessly made false or misleading statements or omissions in support of the warrant, and (2) the false or misleading statement or omission was material, or necessary to finding probable cause. <u>United States v. Perkins</u>, 850 F.3d 1109, 1116 (9th Cir. 2017). Defendant's filing identifies no new misstatement or omission, and, as explained above, the Court has already explained that the previously-proffered misstatements about defendant Dong's bank records and about defendant Liu's lease application were not material. Accordingly, defendant's motion fails.

**B.   Blanket Suppression Would Not Be Appropriate.**

The bulk of the government's intended trial exhibits are items seized in connection with immigration fraud, certified immigration documents requested through official channels (and therefore not seized from the search), and bank statements that were subpoenaed from banks (and therefore not seized from the search).

As the Court noted in its Order, federal authorities had discovered that many of the women at the apartment complexes that defendants had leased "had applied for tourism visas with information that did not match their present circumstances. For example, many of the women were present in the United States on dates that did not match the intended travel dates they provided in their initial visa applications . . . many of them had stated they would be staying in locations other than Rancho Cucamonga . . . [and] many of the women had entered the United States through popular tourist destinations, including Hawaii and Las Vegas . . . [and] [b]irth tourism businesses often advise clients to enter the United States through popular tourist destinations to avoid scrutiny by Customs and Border

5

Protection." (DE 160 at 1-2.) In addition, "agents found an online advertisement for birth tourism services linked to Liu's and Dong's contact information." (Id. at 2.) There is no question that the search warrant established sufficient probable cause for immigration fraud, and defendants have not identified exactly what materials they believe remain relevant to this case that should be suppressed if they were to be granted a Franks hearing and persuade the Court to suppress certain evidence.

**IV. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant's Motion to Reconsider.