CARLTON F. GUNN (No. 112344)
Attorney at Law
1751 Colorado Blvd., #384
Los Angeles, California 91202
Telephone (323) 474-6366
(E-mail: cgunnlaw@gmail.com)

Attorney for Defendant
JING DONG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JING DONG,<br>Defendant. | NO. 5:19-cr-00027-RGK<br><br>EX PARTE APPLICATION FOR ORDER ALLOWING SELF-SURRENDER AFTER RESOLUTION OF APPEAL AND/OR RESENTENCING; DECLARATION OF COUNSEL |

Defendant, Jing Dong, by and through her counsel of record on appeal, Carlton F. Gunn, hereby applies to this Honorable Court for an order allowing self-surrender after resolution of her appeal and/or any resentencing required by that resolution. This application is based on the attached declaration of counsel, all files and records in the case, and such further information as may be provided to the Court.

Respectfully submitted,

DATED: September 18, 2026

By s/ Carlton F. Gunn
CARLTON F. GUNN
Attorney at Law

DECLARATION OF CARLTON F. GUNN

I, Carlton F. Gunn, hereby state and declare as follows:

1. I am an attorney admitted to the bars of this Court and the United States Court of Appeals for the Ninth Circuit. I have been appointed to represent Jing Dong in her appeal in this case.

2. On September 9, the court of appeals granted a motion for bond pending appeal and remanded for this Court to set conditions of release in accordance with a stipulation the parties filed in this Court on August 20. In response to the remand, this Court filed an order on September 15 setting those conditions. Among the conditions is that Ms. Dong sign the bond, as is required in all cases, and filing of a $100,000 affidavit of surety signed by Michael Barbera, who is a friend of Ms. Dong.

3. The sentence imposed by this Court that Ms. Dong is now serving was 41 months in custody. Based on exemplary behavior in prison, Ms. Dong earned extra good time, including credit earned under the First Step Act, and also earned the right to serve the last portion of her custody sentence in a halfway house and on home confinement. She was released to a halfway house in early August and has been told she will be released from the halfway house to home confinement on October 5. She will then remain in home confinement until her Bureau of Prisons release date, which the Bureau of Prisons presently calculates as April 20, 2027.

4. If Ms. Dong posts the bond and is released on bond, there will be up to seven months left to serve on her existing sentence, depending on when she posts the bond. If her convictions and sentence are affirmed, she will have to surrender to serve that remaining time, and the Bureau of Prisons would need to decide where to

designate Ms. Dong for service of the remainder of that sentence. If either her convictions or sentence are reversed and she is resentenced at some point, any additional time she has left to serve will depend on the new sentence imposed by this Court. If the Court imposes anything other than a time served sentence, I believe the Bureau of Prisons will need to do two things. First, I believe it would have to do a new sentence calculation taking into account the good time credit Ms. Dong has already earned and determine whether she has any additional time left to serve. Second, if Ms. Dong does have additional time left to serve, it would need to decide where she should serve the remainder of that sentence.

5. At the original sentencing in this matter, the Court required Ms. Dong to self-surrender immediately on the date of sentencing. If the Court acts similarly after remand and/or any resentencing and Ms. Dong is required to self-surrender immediately upon affirmance by the court of appeals or immediately upon imposition of any sentence other than time served, the Bureau of Prisons will not have had time to do a new sentence calculation and/or designate where Ms. Dong should serve the remainder of her sentence. That would require Ms. Dong to go into custody at the Metropolitan Detention Center and mean she must serve more time in a jail-type facility even though she is not being required to serve any more time in a jail-type facility as things stand now. In that event, Ms. Dong would prefer to simply serve the remainder of her home confinement on the present sentence and not post the bond.

6. In order to avoid this, and so Ms. Dong can decide on posting the bond with full knowledge of the risks, I am filing this application. It requests an order that Ms. Dong will not be required to self-surrender upon resolution of her appeal and any resentencing that may be required until the Bureau of Prisons has designated where she should serve any remaining custody to be served and done any new sentence calculation that needs to be done. An order delaying self-surrender in this way will

allow two things. First, it will allow the Bureau of Prisons to do any new sentence calculation that is required, determine if Ms. Dong has any additional time left to serve after good time credit, and avoid her spending time at the Metropolitan Detention Center that she may not be required to serve. Second, it will allow counsel to attempt to argue to the Bureau of Prisons that it should designate home confinement for any time Ms. Dong has left to serve, on the ground that this was what the Bureau of Prisons has already decided and Ms. Dong should not be penalized for having posted bond while she waited to see if her sentence would be reduced.

7. I have informed the government of this application by sending a draft copy of the application to Assistant United States Attorney Kevin Fu, who has represented the government in the case. He has indicated that the government takes no position on the application.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: September 18, 2026

s/ Carlton F. Gunn
CARLTON F. GUNN
Attorney at Law